**TO: Clerk's Office**
　　**UNITED STATES DISTRICT COURT**
　　**EASTERN DISTRICT OF NEW YORK**



　　　**APPLICATION FOR LEAVE**
　　**TO FILE DOCUMENT UNDER SEAL**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
IN THE MATTER OF THE SEARCH OF
THE CELLULAR TELEPHONE ASSIGNED
CALL NUMBER 917-561-6436; AND THE
CELLULAR TELEPHONE ASSIGNED
CALL NUMBER 917-455-9069

22-MC-1000
Docket Number

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

SUBMITTED BY: Plaintiff_____ Defendant_____ DOJ ✔
Name: Philip Pilmar
Firm Name:USAO EDNY
Address: 271 Cadman Plaza E
　　　　　Brooklyn, NY 11201
Phone Number: 718-254-6106
E-Mail Address:philip.pilmar@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES____ NO ✔
**If yes, state description of document to be entered on docket sheet:**

_____

_____

_____

**A) If pursuant to a prior Court Order**:
Docket Number of Case in Which Entered:_____
Judge/Magistrate Judge:_____
Date Entered:_____

**B) If a _new_ application,** the statute, regulation, or other legal basis that authorizes filing under seal

defendants at liberty

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY _NOT_ BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: Brooklyn　　　　　　　　, NEW YORK
　　　　April 1, 2022
　　　　　　　*Vera M. Scanlon*

**U.S. MAGISTRATE JUDGE**

RECEIVED IN CLERK'S OFFICE April 1, 2022
　　　　　　　　　　　　　　DATE

**MANDATORY CERTIFICATION OF SERVICE**:
**A.)** ___ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ___ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation:_____; or **C.)** ✔ This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

April 1, 2022　　　　　　　　*Philip Pilmar*
DATE　　　　　　　　　　　　SIGNATURE

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 22 MC 1000
)
THE CELLULAR TELEPHONE ASSIGNED CALL )
NUMBER 917-561-6436 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1

located in the _____Western_____ District of _____Washington_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-1

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit offense or to defraud United States |

The application is based on these facts:

See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the investigating agency. See 18 U.S.C. §§ 3122(b), 3123(b).

☐ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

DIANNA OGLIO, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence. *by telephone*

Date: ____04/01/2022____

_____*Vera M. Scanlon*_____
*Judge's signature*

City and state: Brooklyn, New York

Honorable Vera M. Scanlon, USMJ
*Printed name and title*

AO 106 (Rev. 04/10)  Application for a Search Warrant

# United States District Court
### for the
Eastern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>THE CELLULAR TELEPHONE ASSIGNED CALL<br>NUMBER 917-455-9069 | )<br>)<br>)    Case No.  22 MC 1000<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2

located in the _____ Southern _____ District of _____ Florida _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-2

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit offense or to defraud United States |

The application is based on these facts:

See Affidavit in Support of an Application for a Search Warrant.  To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order.  Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the investigating agency.  See 18 U.S.C. §§ 3122(b), 3123(b).

- ☐ Continued on the attached sheet.
- ☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

DIANNA OGLIO, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence. *by telephone*

Date:    04/01/2022

*Vera M. Scanlon*
*Judge's signature*

City and state:  Brooklyn, New York

Honorable Vera M. Scanlon, USMJ
*Printed name and title*

PP
F# 2021R00894

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 917-561-6436; AND THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 917-455-9069 | Case No. 22-MC-1000 <br><br> **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, DIANNA OGLIO, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.        I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 917-561-6436, with listed subscriber unknown but believed to be used by Terrae Hinds ("Target Cell Phone 1") and information about the location of the cellular telephone assigned call number 917-455-9069, with listed subscriber Krystle Burrell and believed to be used by Krystle Burrell ("Target Cell Phone 2," collectively the "Target Cell Phones.")  Target Cell Phone 1's service provider is T-Mobile US, Inc, a wireless telephone service provider headquartered at 12920 SE 38th Street, Bellevue, WA 98006.  Target Cell Phone 2's service provider is AT&T Corporation, a wireless telephone service provider headquartered at 11760 U.S. Highway 1 North Palm Beach, FL 33408. Target Cell Phone 1 and Target Cell Phone 2 are described herein and in Attachment A-1 and A-2 respectively, and the location information to be seized is described herein and in Attachment B-1 and B-2 respectively.

2.     Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act, see 18 U.S.C. §§ 3121-3127.  The requested warrant therefore includes all the information required to be included in an order pursuant to that statute.  See 18 U.S.C. § 3123(b)(1).

3.     I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been since 2018.  I am currently assigned to the New York Violent Gang Task Force.  My official duties and responsibilities include conducting and assisting in investigations into the activities of individuals involved in gang activity, including smuggling contraband to gang members in correctional facilities.  During my tenure with HSI, I have participated in investigations and arrests, the debriefing of cooperating witnesses and confidential informants, and the execution of search warrants (including search warrants for prospective cell-site information).  I am familiar with the facts and circumstances set forth below from my participation in the investigation, review of the investigative file, and from reports of other law enforcement officers involved in the investigation.

4.     This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.     There is probable cause to believe that Terrae Hinds, the user of Target Cell Phone 1, and Krystle Burrell, the user of Target Cell Phone 2, conspired to violate the Travel Act (18 U.S.C. § 1952), in violation of 18 U.S.C. § 371 (conspiracy against the United States).  As set forth in more detail below, on March 31, 2022, this Court authorized a complaint

2

and arrest warrants for Hinds and Burrell for violation of this statute.  See United States v. Krystle Burrell, et al., 22-MJ-378.

6.      HSI has been conducting surveillance in anticipation of arresting Hinds, Burrell, as well as the individuals charged in a related complaint (22-MJ-377).  As set forth below, law enforcement has been unable to consistently establish a pattern of life on Hinds in order to effectuate his arrest on Tuesday April 5, 2022, as planned.  Further, HSI and DOI have learned that Hinds and Burrell may be leaving the New York City area on vacation beginning as soon as this weekend.  Accordingly, there is probable cause to believe that the location information described in Attachment B-1 and B-2 will assist law enforcement in arresting Hinds and Burrell, who are "person[s] to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7.      The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.  See 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

8.       The United States, including HSI and the New York City Police Department, is conducting a criminal investigation of numerous individuals for bribing correction officers to smuggle contraband into Rikers Island for members of the Bloods street gang.

9.      As set forth above, on March 31, 2022, this Court authorized a complaint and arrest warrant against Terrae Hinds and Krystle Burrell.  In sum and substance, the evidence shows that New York City Correction Officer Krystle Burrell received bribes in exchange for smuggling contraband into the Anna M. Kross Center on Rikers Island for Terrae Hinds,

facilitating Hinds' contraband smuggling business and permitting Hinds and others to violate DOC regulations. Hinds, who was incarcerated at the time on unrelated offenses, arranged for approximately $9,780 in bribe payments to be sent to Burrell. Burrell smuggled at least two unauthorized cell phones to Hinds. Burrell also facilitated Hinds' sale of narcotics and other contraband items at the Anna M. Kross Center by accepting payments for contraband on his behalf and by providing her preferred method of payment to one of Hinds' incarcerated customers. As set forth in the complaint, Hinds is a member of the Bloods street gang. Further, as set forth in the complaint, the evidence shows that Hinds and Burrell appear to be in a personal or sexual relationship. On or about October 19, 2021, Hinds was released on bond.

10.     On March 31, 2022, this Court also authorized a complaint charging four individuals with violating 18 U.S.C. § 371 for engaging in a similar conspiracy to bribe a different correction officer to smuggle contraband into Rikers Island for another member of the Bloods. See United States v. Katrina Patterson et al., 22-MJ-377.

11.     HSI is seeking to arrest Hinds and Burrell, as well as the defendants at liberty in the related complaint, on Tuesday, April 5, 2022. In planning for these arrests, HSI has been conducting surveillance and taking other investigatory steps to locate and establish a pattern of activity for all of the individuals charged in connection with this investigation so that HSI can arrest all or most of the individuals at one time. Conducting a takedown in this manner is vital to law enforcement interests because it ensures that defendants do not flee or destroy evidence when they learn of the arrest of co-defendants. Conducting the takedown in this manner is also important for law enforcement safety because Hinds has a history of possessing and using firearms.

12.     As an initial matter, law enforcement has been unable to establish a consistent pattern of life for Hinds.  Although law enforcement is aware of Hinds' residence, license plate data reader for Burrell's vehicles, which it appears that Hinds is the primary use of, shows that the vehicle frequently travels in and around the tri-state area of New York City at various times in the night and early morning.  For example, on or about January 14, 2022, a vehicle registered to Burrell was being driven until at least 2:39 a.m.  On that same day, another vehicle registered to Burrell was also being driven until at least 2:30 a.m.[1] On or about January 19, 2022, a vehicle registered to Burrell was being driven until at least 5:18 a.m.  Finally, on or about January 25, 2022, a vehicle registered to Burrell was being driven until at least 5:48 a.m.[2]

13.     Second, Krystle Burrell is scheduled to begin a two-week vacation with the New York City Department of Correction ("DOC") beginning Saturday at 1:00 p.m.  When DOC attempted to cancel her vacation, Burrell refused, stating, in sum and substance, that she could not switch her vacation because she was traveling out of town.  Because, as set forth in the complaint, Burrell and Hinds appear to be in a personal or romantic relationship, it appears Burrell and Hinds may be planning to leave the New York City area together on vacation which would significantly hinder law enforcement's ability to locate and arrest the defendants in both cases on April 5, 2022.

---

[1] This warrant is also necessary to locate and arrest Hinds and Burrell because it appears that Burrell may rent or loan her car to other individuals as well, thus making it more difficult for law enforcement to locate the defendants.

[2] More recent license plate reader data for Burrell's vehicles is unavailable because Hinds and Burrell are now driving a vehicle with a temporary license plate tag and license plate readers are unable to record the location of vehicles with these temporary license plates.

14.     Finally, Hinds' risk of flight is enhanced because he has an extensive criminal history, including five felony convictions and because he is currently on bond in New York County Supreme Court on charges including possession of a loaded firearm in connection with a shooting.  Hinds also has a history of possessing and using firearms.  Thus, having a precise location for Hinds and not having him be alerted to the arrest of other defendants is crucial for law enforcement safety.

15.     There is also probable cause to believe that Hinds is using the Target Cell Phone 1 as his phone number and Burrell is using Target Cell Phone 2 as her phone number.

a.   Target Cell Phone 1: Incarcerated individuals at Rikers Island are not permitted to possess cell phones and must place any telephone calls through consensually monitored and recorded telephone lines of the DOC Securus system.  Since Hinds has been released on bond, he has received numerous recorded calls at Target Cell Phone 1 from individuals still incarcerated on Rikers Island.  Law enforcement agents have reviewed those calls and confirmed Hinds' voice answers the calls on Target Cell Phone 1.

b.   Target Cell Phone 2:  Target Cell Phone 2 is subscribed to by Krystle Burrell.  Additionally, Burrell provided Target Cell Phone 2 to DOC as her phone number.  DOC officials called Target Cell Phone 2 on March 30, 2022, to discuss with Burrell her planned vacation, and Burrell answered the phone at this number.

16.     Accordingly, I respectfully submit that there is probable cause to collect location information on the Target Cell Phone for the next 30 days to locate and effectuate the

arrest of Hinds and Burrell.  This warrant seeks prospective cell site information for 30 days so

that HSI can continue to track the defendants if the arrests do not occur as planned.  If HSI

locates and arrests Hinds or Burrell prior to the expiration of the warrant, HSI will cease

reviewing the location information for that defendant, as this warrant is sought solely to locate

and arrest Hinds and Burrell.

17.     In my training and experience, I have learned that T-Mobile US, Inc and

AT&T Corporation are companies that provides cellular telephone access to the general public.  I

also know that providers of cellular telephone service have technical capabilities that allow them

to collect and generate information about the locations of the cellular telephones to which they

provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude

data and cell-site data, also known as "tower/face information" or cell tower/sector records.  E-

911 Phase II data provides relatively precise location information about the cellular telephone

itself, either via GPS tracking technology built into the phone or by triangulating on the device's

signal using data from several of the provider's cell towers.  Cell-site data identifies the "cell

towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal

from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which

the telephone connected.  These towers are often a half-mile or more apart, even in urban areas,

and can be 10 or more miles apart in rural areas.  Furthermore, the tower closest to a wireless

device does not necessarily serve every call made to or from that device.  Accordingly, cell-site

data is typically less precise that E-911 Phase II data.

18.     Based on my training and experience, I know that T-Mobile US, Inc and

AT&T Corporation can collect E-911 Phase II data about the location of the Target Cell Phone,

including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile

US, Inc's/AT&T Corporation's network or with such other reference points as may be reasonably available.

19.     Based on my training and experience, I know that T-Mobile US, Inc and AT&T Corporation can collect cell-site data about the Target Cell Phone.  Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication.  I also know that wireless providers typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business related purposes.

## AUTHORIZATION REQUEST

20.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

21.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cell Phones would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  See 18 U.S.C. § 3103a(b)(1).  As

further specified in Attachment B-1 and B-2, which is incorporated into the warrant, the

proposed search warrant does not authorize the seizure of any tangible property.  See 18 U.S.C. §

3103a(b)(2).  Moreover, to the extent that the warrant authorizes the seizure of any wire or

electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic

information, there is reasonable necessity for the seizure for the reasons set forth above.  See 18

U.S.C. § 3103a(b)(2).

22.     I further request that the Court direct T-Mobile US, Inc and AT&T

Corporation to disclose to the government any information described in Attachment B-1 and B-2

respectively that is within the possession, custody, or control of the service provider.  I also

request that the Court direct each service provider to furnish the government all information,

facilities, and technical assistance necessary to accomplish the collection of the information

described in Attachment B-1 and B-2 unobtrusively and with a minimum of interference with the

service provider's services, including by initiating a signal to determine the location of Target

Cell Phone 1 on T-Mobile US, Inc's network and Target Cell Phone 2 on AT&T Corporation's

network, or with such other reference points as may be reasonably available, and at such

intervals and times directed by the government.  The government shall reasonably compensate T-

Mobile US, Inc and AT&T Corporation for reasonable expenses incurred in furnishing such

facilities or assistance.

23.     I further request that the Court authorize execution of the warrant at any

time of day or night, owing to the potential need to locate the Target Cell Phone outside of

daytime hours.

24.     I further respectfully request that the Court issue an order sealing, until

further order of the Court, all papers submitted in support of this application, including the

application and search warrants. I believe that sealing these documents is necessary because the items and information to be seized are relevant to an ongoing criminal investigation, and this affidavit discusses the planned arrest of defendants who are currently at liberty. Based on my training and experience, I have learned that criminals actively search for criminal affidavits and search warrants via the Internet, and disseminate them to other criminals as they deem appropriate (e.g., by posting them publicly through online forums). Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize law enforcement's ability to arrest Burrell and Hinds, and could lead to the destruction of evidence or their flight from prosecution.

Respectfully submitted,

DIANNA OGLIO
Special Agent
Department of Homeland Security, Homeland
Security Investigations

Subscribed and sworn to before me telephonically on April 1, 2022

*Vera M. Scanlon*

HON. VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

10

## ATTACHMENT A-1

### Property to Be Searched

1. The cellular telephone assigned call number 917-561-6436, with listed subscriber unknown but believed to be used by Terrae Hinds ("Target Cell Phone 1"). Target Cell Phone 1's service provider is T-Mobile US, Inc, a wireless telephone service provider headquartered at 12920 SE 38th Street, Bellevue, WA 98006.

2. Records and information associated with Target Cell Phone 1 that is within the possession, custody, or control of T-Mobile US, Inc.

**ATTACHMENT B-1**

**Particular Things to be Seized**

I.      **Information to be Disclosed by the Provider**

All information about the location of Target Cell Phone 1 described in Attachment A-1 for a period of 30 days, during all times of day and night.  "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A-1.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile US, Inc, T-Mobile US, Inc is required to disclose the Location Information to the government.  In addition, T-Mobile US, Inc must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile US, Inc's services, including by initiating a signal to determine the location of Target Cell Phone 1 on T-Mobile US, Inc's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate T-Mobile US, Inc for reasonable expenses incurred in furnishing such facilities or assistance.

In addition, because this warrant also serves as a pen register, T-Mobile shall provide all information associated with each communication to and from Target Cell Phone 1 for a period of 30 days from the date of this warrant, including:

     i.        Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

     ii.       Source and destination telephone numbers;

     iii.     Date, time, and duration of communication; and

     iv.     All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication.

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

## II.       Information to Be Seized by the Government

All information described above in Section I that will assist in arresting Terrae Hinds, who was charged with violating Title 18, United States Code, Section 371 on March 31, 2022, is the subject of an arrest warrant issued on March 31, 2022, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this warrant.

Law enforcement shall stop reviewing the data from the warrant upon the arrest of Terrae Hinds.

**ATTACHMENT A-2**

**Property to Be Searched**

1.      The cellular telephone assigned call number 917-455-9069, with listed subscriber Krystle Burrell and believed to be used by Krystle Burrell ("Target Cell Phone 2").  Target Cell Phone 2's service provider is AT&T Corporation, a wireless telephone service provider headquartered at 11760 U.S. Highway 1 North Palm Beach, FL 33408

2.      Records and information associated with the Target Cell Phone that is within the possession, custody, or control of AT&T Corporation.

4

## **ATTACHMENT B-2**

## **Particular Things to be Seized**

### I.       **Information to be Disclosed by the Provider**

All information about the location of Target Cell Phone 2 described in Attachment A-2 for a period of 30 days, during all times of day and night.  "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A-2.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T Corporation ("AT&T"), AT&T is required to disclose the Location Information to the government.  In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of Target Cell Phone 2 on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

In addition, because this warrant also serves as a pen register, AT&T shall provide all information associated with each communication to and from Target Cell Phone 2 for a period of 30 days from the date of this warrant, including:

    i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

    ii. Source and destination telephone numbers;

    iii. Date, time, and duration of communication; and

    iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication.

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

## II.      Information to Be Seized by the Government

All information described above in Section I that will assist in arresting Krystle Burrell, who was charged with violating Title 18, United States Code, Section 371 on March 31, 2022, is the subject of an arrest warrant issued on March 31, 2022, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this warrant.

Law enforcement shall stop reviewing the data from the warrant upon the arrest of Krystle Burrell.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )   Case No.     22 MC 1000 |
| THE CELLULAR TELEPHONE ASSIGNED CALL | ) |
| NUMBER 917-561-6436 | ) |
| | ) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

      An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the       Western       District of       Washington
*(identify the person or describe the property to be searched and give its location)*:

      SEE ATTACHMENT A-1

      I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

      SEE ATTACHMENT B-1. As set forth in Attachment B-1, this warrant also functions as a pen register order. Accordingly, IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that HSI may install and use a pen/trap device to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the phone number described in Attachment A., including the date, time, and duration of the communication, and the following, without geographic limit for a period of 30 days.

      **YOU ARE COMMANDED** to execute this warrant on or before       April 14, 2022       *(not to exceed 14 days)*
    ☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

      Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

      The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to       the Duty Magistrate Judge       .
                                                *(United States Magistrate Judge)*

      ☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
      ☑ for   30   days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of       .

Date and time issued:       *April 1, 2022 12:44 pm*           *Vera M. Scanlon*
                                                                                      *Judge's signature*

City and state:       Brooklyn, New York             Hon. Vera M. Scanlon       U.S.M.J.
                                                                                  *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>   22 MC 1000 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

 

                                         _____
*Executing officer's signature*

                                         _____
*Printed name and title*

## ATTACHMENT A-1

### Property to Be Searched

1. The cellular telephone assigned call number 917-561-6436, with listed subscriber unknown but believed to be used by Terrae Hinds ("Target Cell Phone 1").  Target Cell Phone 1's service provider is T-Mobile US, Inc, a wireless telephone service provider headquartered at 12920 SE 38th Street, Bellevue, WA 98006.

2. Records and information associated with Target Cell Phone 1 that is within the possession, custody, or control of T-Mobile US, Inc.

**ATTACHMENT B-1**

**Particular Things to be Seized**

I.      **Information to be Disclosed by the Provider**

All information about the location of Target Cell Phone 1 described in Attachment A-1 for a period of 30 days, during all times of day and night.  "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A-1.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile US, Inc, T-Mobile US, Inc is required to disclose the Location Information to the government.  In addition, T-Mobile US, Inc must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile US, Inc's services, including by initiating a signal to determine the location of Target Cell Phone 1 on T-Mobile US, Inc's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate T-Mobile US, Inc for reasonable expenses incurred in furnishing such facilities or assistance.

In addition, because this warrant also serves as a pen register, T-Mobile shall provide all information associated with each communication to and from Target Cell Phone 1 for a period of 30 days from the date of this warrant, including:

      i.        Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

     ii.        Source and destination telephone numbers;

    iii.        Date, time, and duration of communication; and

    iv.        All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication.

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

2

## II.       Information to Be Seized by the Government

All information described above in Section I that will assist in arresting Terrae Hinds, who was charged with violating Title 18, United States Code, Section 371 on March 31, 2022, is the subject of an arrest warrant issued on March 31, 2022, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this warrant.

Law enforcement shall stop reviewing the data from the warrant upon the arrest of Terrae Hinds.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )    Case No.    22 MC 1000 |
| THE CELLULAR TELEPHONE ASSIGNED CALL | ) |
| NUMBER 917-455-9069 | ) |
| | ) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

     An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the      Southern      District of      Florida
*(identify the person or describe the property to be searched and give its location)*:

     SEE ATTACHMENT A-2

     I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

     SEE ATTACHMENT B-2. As set forth in Attachment B-2, this warrant also functions as a pen register order. Accordingly, IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that HSI may install and use a pen/trap device to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the phone number described in Attachment A., including the date, time, and duration of the communication, and the following, without geographic limit for a period of 30 days.

     **YOU ARE COMMANDED** to execute this warrant on or before      April 14, 2022      *(not to exceed 14 days)*
   ☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

     Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

     The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to      the Duty Magistrate Judge      .
                                                    *(United States Magistrate Judge)*

     ☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
     ☑ for   30   days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of           .

Date and time issued:      *April 1, 2022 12:44 pm*             *Vera M. Scanlon*
                                                               *Judge's signature*

City and state:      Brooklyn, New York                Hon. Vera M. Scanlon      U.S.M.J.
                                                                 *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>    22 MC 1000 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____


                                                                 _____
                                                         *Executing officer's signature*


                                                                _____
                                                              *Printed name and title*

**ATTACHMENT A-2**

**Property to Be Searched**

1.      The cellular telephone assigned call number 917-455-9069, with listed subscriber Krystle Burrell and believed to be used by Krystle Burrell ("Target Cell Phone 2").  Target Cell Phone 2's service provider is AT&T Corporation, a wireless telephone service provider headquartered at 11760 U.S. Highway 1 North Palm Beach, FL 33408

2.      Records and information associated with the Target Cell Phone that is within the possession, custody, or control of AT&T Corporation.

**ATTACHMENT B-2**

**Particular Things to be Seized**

I.      **Information to be Disclosed by the Provider**

All information about the location of Target Cell Phone 2 described in Attachment A-2 for a period of 30 days, during all times of day and night.  "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A-2.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T Corporation ("AT&T"), AT&T is required to disclose the Location Information to the government.  In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of Target Cell Phone 2 on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

In addition, because this warrant also serves as a pen register, AT&T shall provide all information associated with each communication to and from Target Cell Phone 2 for a period of 30 days from the date of this warrant, including:

       i.   Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

      ii.   Source and destination telephone numbers;

    iii.   Date, time, and duration of communication; and

    iv.   All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication.

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

## II.      Information to Be Seized by the Government

All information described above in Section I that will assist in arresting Krystle Burrell, who was charged with violating Title 18, United States Code, Section 371 on March 31, 2022, is the subject of an arrest warrant issued on March 31, 2022, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this warrant.

Law enforcement shall stop reviewing the data from the warrant upon the arrest of Krystle Burrell.